UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CLYDE JONES,  )<br>  )<br>    Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>U.S. DEPARTMENT OF JUSTICE,  )<br>  )<br>    Defendant.  )<br>  ) | Case No. 22-cv-00476 (APM) |

## MEMORANDUM OPINION

**I.     INTRODUCTION**

Pro se Plaintiff Clyde Jones ("Plaintiff") brings this Freedom of Information Act ("FOIA") suit against Defendant Department of Justice ("DOJ") seeking records and documents pertaining to his prosecution in the Eastern District of Tennessee. Compl., ECF No. 1 [hereinafter Compl.]. Before the court is Defendant's second Motion for Summary Judgment, ECF No. 45 [hereinafter Def.'s Mot.], which argues that the agency has cured the defects the court identified in its ruling on Defendant's first Motion for Summary Judgment, ECF No. 31 [hereinafter Def.'s 1st Mot.]. For the reasons that follow, the court grants Defendant's motion.

**II.    BACKGROUND**

Between 2020 to 2021, Plaintiff submitted to Defendant three FOIA requests for records used in his prosecution. Def.'s 1st Mot., Decl. of Patrice Parker, ECF No. 31-3 [hereinafter 1st Hale Decl.], ¶¶ 6–12. After Defendant initially notified Plaintiff that its search resulted in no responsive records, *id.* ¶ 15, Plaintiff filed this action on February 22, 2022, claiming that Defendant improperly withheld responsive agency records. Compl. at 3. Thereafter, Defendant

conducted a supplementary search and released 16 pages in full and six pages in part and withheld 12 pages in full under Exemptions 6 and 7(C). 1st Hale Decl. ¶¶ 20–23.

On October 27, 2023, Defendant moved for summary judgment arguing that it had performed an adequate search for records and properly withheld information. Def.'s 1st Mot., Def.'s Mem. of P. & A. in Supp. of Def.'s 1st Mot., ECF No. 31-2, at 3, 6. The court granted Defendant's motion in part and denied it in part on February 2, 2024. Mem. Op. & Order, ECF No. 33 [hereinafter Mem. Op.], at 1. The court affirmed the withholding of personally identifying information of law enforcement personnel and witnesses under Exemptions 6 and 7(C). *Id.* at 7. The court, however, denied judgment as to the scope of the search and additional withholdings. *Id.* at 5, 7–8. Specifically, the court instructed DOJ's Executive Office of United States Attorneys ("EOUSA") to (1) follow an "obvious lead" for responsive records at the Atlanta Federal Records Center, (2) review its Exemption 6 and 7(C) withholdings and rebalance private and public interests as to "subjects" of criminal investigations, and (3) re-evaluate its segregability analysis. *Id.* at 5, 11.

After the court's February 2024 order, EOUSA directed the United States Attorney's Office for the Eastern District of Tennessee ("USAO-EDTN") to recall the records transferred to the Atlanta Federal Records Center. Def.'s Mot., Decl. of Patrice Parker Hale, ECF No. 45-3 [hereinafter Hale Decl.], ¶ 9. Three hundred seventy-two pages of responsive, non-duplicative records were identified. *Id.* ¶ 10. Of those 372 pages, 366 were released in full and six were withheld in full. *Id.* ¶ 11. EOUSA also amended their February 2023 response to Plaintiff, releasing eight pages in full, withholding two pages in part, and withholding 10 pages in full. *Id.* ¶ 13.

Defendant filed a second motion for summary judgment on January 10, 2025.  Def.'s Mot. The court notified Plaintiff of the deadline to respond, but he filed no opposition.  *See* Order, Jan. 13, 2025, ECF No. 46.  Because of Plaintiff's failure to respond, the court accepts as true all facts asserted by Defendant.  *See King v. U.S. Dep't of Just.*, 245 F. Supp. 3d 153, 160 (D.D.C. 2017).

### III.  LEGAL STANDARD

A court must grant a motion for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant must show there is no genuine dispute to any material fact by "citing to particular parts of materials in the record, including . . . declarations."  *Id.* 56(c)(1)(A).

"FOIA cases typically and appropriately are decided on motions for summary judgment."  *Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009).  To be granted summary judgment, the movant bears the burden to "show that its search for responsive records was adequate, that any exemptions claimed actually apply, and that any reasonably segregable non-exempt parts of records have been disclosed after redaction of exempt information."  *Competitive Enter. Inst. v. EPA*, 232 F. Supp. 3d 172, 181 (D.D.C. 2017).

Summary judgment may be awarded on the basis of information from declarations that describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Mil. Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

3

## IV.    DISCUSSION

Defendant's motion presents three issues: whether Defendant (1) conducted an adequate search for responsive records; (2) withheld information properly under Exemptions 5, 6, and 7(C); and (3) met its segregability obligation.

### A.    Adequacy of Search

An adequate search must be "reasonably calculated to uncover all relevant documents," *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983), and requires agencies "to follow through on obvious leads to discover requested documents." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999).  After the court's February 2024 order, USAO-EDTN followed the "obvious lead" and recalled potentially responsive records at the Atlanta Records Center.  Def.'s Mot., Def.'s Mem. of P. & A. in Supp. of Def.'s Mot., ECF No. 45-2 [hereinafter Def.'s Mem.], at 2, 4; Hale Decl. ¶ 17.  Having cured the defect in its previous search, the court now finds that EOUSA's search was reasonably detailed and followed through on all obvious leads.  *See Valencia-Lucena*, 180 F.3d at 325–27; Mem. Op. at 5.  Therefore, the agency conducted an adequate search.

### B.    Claimed Exemptions

*Exemption 5.*  FOIA Exemption 5 covers "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5); *see Stolt-Nielsen Transp. Grp. v. United States*, 534 F.3d 728, 733 (D.C. Cir. 2008).  Exemption 5 covers the attorney work-product privilege, which requires that the material was prepared in "genuine fear of litigation," *EEOC v. Lutheran Soc. Servs.*, 186 F.3d 959, 968 (D.C. Cir. 1999), and the deliberative-process privilege, which "protects materials that are

both predecisional and deliberative." *Mapother v. U.S. Dep't of Just.*, 3 F.3d 1533, 1537 (D.C. Cir. 1993).

To qualify for the attorney work-product privilege, an agency "must (1) provide a description of the nature of and contents of the withheld document, (2) identify the document's author or origin, (3) note the circumstances that surround the document's creation, and (4) provide some indication of the type of litigation for which the document's use is at least foreseeable." *Ellis v. U.S. Dep't of Just.*, 110 F. Supp. 3d 99, 108 (D.D.C. 2015). Defendant states that the documents withheld under Exemption 5 include "interview notes and prosecution memorandums . . . , drafts and/or unfiled pleadings, and closed case file notes" detailing recommendations and analysis to decide whether to bring criminal charges, all of which were created in preparing for Plaintiff's prosecution. Def.'s Mem. at 6–7 (citing Hale Decl. ¶¶ 38, 41). These records are among the types of documents that courts have commonly found as falling within the work-product privilege. *See, e.g.*, *Liounis v. Krebs*, No. 18-5351, 2019 WL 7176453, at *1 (D.C. Cir. Dec. 19, 2019); *Lipsey v. U.S. Dep't of Just. Exec. Off. for U.S. Att'ys*, No. 06-cv-423, 2007 WL 842956, at *4 (D.D.C. Mar. 19, 2007). Because the documents reveal the government's "analysis of facts and the law relating to . . . Plaintiff's prosecution," Def.'s Mem. at 7 (citing Hale Decl. ¶ 41), these documents were properly withheld.

To qualify for the deliberative-process privilege, a document must be predecisional, meaning "it was generated before the adoption of an agency policy," and deliberative, meaning "it reflects the give-and-take of the consultative process." *Jud. Watch, Inc. v. FDA*, 449 F.3d 141, 151 (D.C. Cir. 2006) (citation omitted). The deliberative-process privilege may apply to drafts of documents prepared in advance of a criminal prosecution. *See Giovanetti v. FBI*, 174 F. Supp. 3d 453, 459–60 (D.D.C. 2016). Here, the prosecution memorandum withheld by Defendant was

"created before federal criminal charges were brought against the Plaintiff" and was used to "assist USAO-EDTN leadership decide on whether to bring criminal charges against the Plaintiff." Hale Decl. ¶ 40. Therefore, it was properly withheld under the deliberative-process privilege.

*Exemptions 6 and 7(C).*   Exemptions 6 and 7(C) protect individuals against an "unwarranted invasion of personal privacy." 5 U.S.C. §§ 552(b)(6), 552(b)(7)(C). "[B]ecause all information that would fall within the scope of Exemption 6 would also be immune from disclosure under Exemption 7(C)," the court need only consider Exemption 7(C). *Roth v. U.S. Dep't of Just.*, 642 F.3d 1161, 1173 (D.C. Cir. 2011). Exemption 7(C) shields from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Names and addresses of private individuals are categorically exempt under Exemption 7(C), unless that information "is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1206 (D.C. Cir. 1991).

Citing Exemptions 6 and 7(C), Defendant withheld "records from a companion case that were included in the Plaintiff's criminal case file." Hale Decl. ¶ 26. The person to whom these records related was never publicly acknowledged by USAO-EDTN and ultimately their criminal case was dismissed, Hale Decl. ¶ 28, supporting a strong privacy interest. *See Battle Born Invs. Co. v. U.S. Dep't of Just.*, No. 24-cv-00067, 2024 WL 5246515, at *5–6 (D.D.C. Dec. 30, 2024) (protecting an individual whose identity had never been publicly revealed under the categorical privacy interest). Because Plaintiff has identified no counterbalancing public interest, the withholdings under Exemptions 6 and 7(C) were appropriate.

### C. Segregability

To fulfill an agency's segregability requirement, "a statement representing that a 'line-by-line' search was conducted along with a sufficiently detailed *Vaughn* index and declarations enumerating the reasons why each document was properly withheld" is sufficient. *Ctr. for Pub. Integrity. v. U.S. Dep't of Com.*, 401 F. Supp. 3d 108, 117 (D.D.C. 2019) (citation omitted). Additionally, documents withheld under the work-product privilege do not require segregability, *Jud. Watch, Inc. v. U.S. Dep't of Just.*, 432 F.3d 366, 371 (D.C. Cir. 2005), as "[t]he work-product doctrine simply does not distinguish between factual and deliberative material," *Martin v. Off. of Special Couns., MSPB*, 819 F.2d 1181, 1187 (D.C. Cir. 1987).

Here, Defendant provides a *Vaughn* index explaining all withholdings, including the pages withheld, a description of the document, the exemptions cited, and a justification. *See* Def.'s Mot., Ex. 6, ECF No. 45-6 (*Vaughn* index). Because Defendant's *Vaughn* index does "indicate, with respect to each document, that any reasonably segregable information has been released," *COMPTEL v. FCC*, 910 F. Supp. 2d 100, 114 (D.D.C. 2012) (emphasis omitted), Defendant has satisfied the segregability requirement.

### V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment, ECF No. 45, is granted. A final appealable order accompanies this Memorandum Opinion.

Dated: September 25, 2025

Amit P. Mehta
United States District Court Judge